# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| In re CURT W. MORRIS and TAMARA S. MORRIS,<br><br>Debtors.<br><br>DANIEL CERRONI and KRISELLE WILKINSON,<br><br>Appellants,<br><br>v.<br><br>CURT W. MORRIS and TAMARA S. MORRIS,<br><br>Appellees. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00495<br><br>District Judge David Barlow |

Daniel Cerroni and Kriselle Wilkinson (together "Appellants") appeal the order of the United States Bankruptcy Court, District of Utah (the "Bankruptcy Court").[1] Appellants seek review of the Bankruptcy Court's Order Denying their Motion for Relief of Stay granted in Curt W. Morris and Tamara S. Morris's ("Appellees") bankruptcy proceeding.[2] For the reasons stated below, the court remands for further consideration.

---

[1] Notice of Appeal from Bankruptcy Court, ECF No. 1, filed July 17, 2024.
[2] Appendix to Appellate Brief ("Appx.") 75, ECF No. 9-1, filed Sep. 20, 2024. All references to the Appendix use the numbering provided on the bottom right side.

1

## BACKGROUND

This appeal from the order of the Bankruptcy Court is the result of two separate proceedings. First, Appellants brought a legal malpractice claim in Utah state court against Mr. Morris and the law firms he was associated with: Bonewell, Morris & Associates, L.C., and Bonewell Morris & Associates, LLC (Tooele) (together "Bonewell Morris").[3] Appellants, Mr. Morris, and Bonewell Morris agreed to settle these claims on August 12, 2021 (the "Settlement Agreement").[4] Under the Settlement Agreement, Mr. Morris and Bonewell Morris agreed to pay Appellants a total of $25,000 within 45 days.[5] If Mr. Morris and Bonewell Morris defaulted on the Settlement Agreement, Appellants could file a Verified Statement for Judgment by Confession with the Utah state court, which authorized a $220,000 payment, plus interest, from Mr. Morris and Bonewell Morris to Appellants.[6]

Second, on September 17, 2021, Appellees filed a petition for Chapter 13 bankruptcy.[7] Appellants filed a Motion for Relief from Co-Debtor Stay on January 2, 2022, seeking an order from the bankruptcy court that the automatic stay did not apply to Bonewell Morris.[8] The bankruptcy court granted Appellants' motion on January 25, 2022, finding that the automatic stay did not apply to Bonewell Morris and allowing creditors to pursue judgment against the firms for the full amount due under the Settlement Agreement.[9] On February 9, 2022, Appellants obtained

---

[3] Appx. 16.
[4] Appx. 19.
[5] Appx. 16.
[6] Id.
[7] Appx. 4.
[8] Appx. 12–13.
[9] Appx. 27–28.

2

a judgment against Bonewell Morris for $220,000 plus interest and reasonable costs and expenses in the Utah state court action (the "State Judgment").[10]

On May 18, 2022, the bankruptcy court confirmed Appellees' Chapter 13 plan (the "Plan").[11] Appellants did not object to the confirmation of the Plan and did not seek to have their claim determined non-dischargeable.[12] Appellants were set to receive nearly all of the $13,500 pot designated for unsecured creditors under the Plan.[13]

On April 26, 2024, Appellants filed another Motion for Relief from Automatic Stay.[14] Their motion states that Bonewell Morris had not made any payments to satisfy the State Judgment.[15] The motion further alleges that Mr. Morris shut down the Bonewell Morris entities after the State Judgment was entered in 2022 and began conducting business under a different name.[16] Appellants alleged that this post-petition conduct made Mr. Morris liable for the State Judgment amount "based on the doctrine of successor liability and Utah's Uniform Voidable Transactions Act."[17] The motion contains only factual allegations, and Appellants did not file a copy of the state court petition with their motion.[18] Mr. Morris objected to the motion, confirming that the Bonewell Morris entities had been shut down and arguing that the claims against Bonewell Morris had existed prior to the stay.[19]

---

[10] Appx. 59.
[11] Appx. 30.
[12] Appx. 101.
[13] Appx. 101–102.
[14] Appx. 40.
[15] Appx. 42.
[16] Appx. 42.
[17] Appx. 43–44.
[18] Appx. 100.
[19] Appx. 65–68.

On June 12, 2024, the Bankruptcy Court held a very brief hearing on the motion for relief, at which the bankruptcy judge stated that he was going to deny Appellants' motion.[20] The judge remarked that it was unclear from Appellants' motion what they were asking for and pointed out that the court did not have "anything from the state court action filed post-petition against Mr. Morris."[21] The court then stated that

> "This is a Chapter 13 case. Mr. and Mrs. Morris have been in it for about a little over two and a half years now. The Chapter 13 Trustee has—he has done his duty to turn Mr. Morris upside down and to shake all of the change out of his pockets to make sure that he is paying the absolute maximum that he can back to creditors. You didn't file, Mr. Laird, an objection to confirmation of the plan. You didn't file any complaint under Section 523 to have your client's claim determined non-dischargeable. . . [Appellant] is going to get about 95 percent of that. Given that all I have got in front of me is your motion saying that you want to go around the Chapter 13 case and proceed against Mr. Morris for the full judgment that is being treated under this plan, I'm going to deny the motion."

On June 27, 2024, the bankruptcy court entered its order denying Appellants' motion for relief of stay.[22] The order denies Appellants' motion "for the reasons stated on the record at the hearing" without providing further analysis.[23] Appellants filed the notice of appeal from bankruptcy court on June 17, 2024.[24]

### STANDARD

"The bankruptcy court's decision whether to grant relief from stay is reviewed for an abuse of discretion."[25] "An abuse of discretion occurs when the [bankruptcy] court's decision is

---

[20] Appx. 98.
[21] Appx. 100.
[22] Appx. 70.
[23] *Id.*
[24] Notice of Appeal and Statement of Election, ECF No. 1, filed July 17, 2024.
[25] *In re Miller*, 666 F.3d 1255, 1260 (10th Cir. 2012).

'arbitrary, capricious, whimsical, or manifestly unreasonable.'"[26] The bankruptcy court's decision "will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[27] "An abuse of discretion, however, may exist when a ruling is premised on an erroneous conclusion of law or on clearly erroneous fact findings."[28]

## DISCUSSION

"The automatic stay serves to shield both a debtor and his creditors by permitting the debtor to marshal his affairs and by ensuring that the bankruptcy procedure may provide an orderly resolution of all claims."[29] "The automatic stay generally prohibits. . . litigation, enforcement of liens, and other actions, be they judicial or otherwise, which would affect or interfere with the property of the estate, of the debtor, or which is in custody of the estate."[30] However, "'the stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed. It does not include actions arising post-petition.'"[31]

---

[26] *Black v. M & W Gear Co.*, 269 F.3d 1220, 1227 (10th Cir. 2001) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999)).
[27] *In re Utah Aircraft All.*, 342 B.R. 327, 331 (B.A.P. 10th Cir. 2006) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).
[28] *Id.* (citing *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998)).
[29] *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (citing *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984)).
[30] *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987) (citing 11 U.S.C. § 362 (a)).
[31] *Garrett v. Cook*, 652 F.3d 1249, 1255 (10th Cir. 2011) (quoting *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991)); *see also In re Lavenhar*, 808 F.3d 794, 800 (10th Cir. 2015) (affirming bankruptcy court order partially lifting automatic stay to allow state court to determine whether fraud had occurred); *Factory Direct, Inc. v. Anatomic Glob., Inc.*, No. CIV-11-59-F, 2012 WL 13024061, at *7 (W.D. Okla. 2012) (lifting stay where sole shareholder transferred all company assets to third party after initiating Chapter 11 bankruptcy proceedings, as the fraudulent transfer claims arose post-petition).

Appellants argue that cause to lift the stay exists because their new claims arose after Mr. Morris filed for bankruptcy.[32] They argue the Bankruptcy Court's order denying their motion for relief from the stay was based on clearly erroneous conclusions of law or findings of fact.[33] Mr. Morris responds that the bankruptcy court's decision was reasonable and should be affirmed.[34]

Based on the record before it, this court does not have a sufficient basis to consider the appeal. Although Appellants' Motion for Relief of Automatic Stay mentions post-petition conduct, it fails to cite any relevant statute or case law.[35] Appellants summarily referenced new causes of action but did not include the motion they filed in state court or any record evidence. Furthermore, the record is silent on whether Appellants requested an evidentiary hearing to establish their post-petition claims or took any other steps to develop the record.

The basis for the Bankruptcy Court's decision is also not clear. At the hearing on the Motion for Relief, the Bankruptcy Court did not discuss Mr. Morris's alleged post-petition conduct or make any findings on the issue. The judge stated that the motion was unclear, but decided that Appellants were seeking "an order that the automatic stay does not apply, and that the creditor may proceed to seek a judgment against Mr. Morris establishing his liability for the judgment."[36] The judge provided a brief overview of the case's posture and noted actions which had occurred and others which had not. Nevertheless, it is unclear whether the court considered and applied 11 U.S.C. § 362(a)(1), which defines the scope of the automatic stay.

---

[32] Appellants Brief 8–9.
[33] Appellants Brief 15.
[34] Appellee Brief 7–9.
[35] Appx. 40–44.
[36] Appx. 100.

At the hearing, Appellants did not disagree with the bankruptcy judge's characterization of the issues before the court and made no arguments, but it is also unclear whether an opportunity for oral argument was permitted; certainly, none appears to have been invited. After the hearing, Appellants did not seek reconsideration or otherwise challenge the decision made at the hearing. Finally, the Bankruptcy Court's order provides no clarification as it contains no further reasoning or explanation.[37]

In short, the court lacks a sufficient basis to rule based on this scant and unclear record. Accordingly, this matter is remanded to the Bankruptcy Court for further proceedings.

**ORDER**

The order of the Bankruptcy Court is REMANDED for further consideration.

DATED this 13 day of January, 2025.

BY THE COURT:

David Barlow
United States District Court Judge

---

[37] Appx. 94.